UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE LLOYD; and JULIUS MENA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EAZE SOLUTIONS, INC.,<br><br>Defendant. | Case No. 3:18-cv-05176-JD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the Court on Plaintiff's unopposed motion for preliminary approval of a proposed class action settlement pursuant to Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, and all files and submissions,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.   Provisional Approval and Certification of the Settlement Class and Appointment of Class Counsel and Class Representatives**

1. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court preliminarily finds that the proposed Settlement is fair, reasonable and adequate

to warrant providing notice to the Settlement Class. The Court therefore grants preliminary approval of the Settlement.

3. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class:

> All Persons within the United States who, between August 23, 2014 and the Preliminary Approval Date, were sent one or more text message(s) (other than one containing a uniquely-identifying verification code and/or uniquely-identifying verification URL to complete an online registration form) by Eaze Solutions, Inc. or an affiliate, subsidiary, or agent of Eaze Solutions, Inc., at a time when such Person had not registered for or initiated the registration process for Eaze Solutions, Inc.'s services (i.e., a "Non-user" of Eaze Solutions, Inc.).[1]

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that, for purposes of the Settlement, the Plaintiffs Kristine Lloyd and Julius Mena are members of the Settlement Class and that, for Settlement purposes only, they satisfy the requirement that they will adequately represent the interests of the Settlement Class members. The Court hereby appoints Plaintiffs Kristine Lloyd and Julius Mena as Class Representatives of the Settlement Class.

5. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1) and having reviewed the submissions of Plaintiffs' counsel, the Court finds that the Plaintiffs' counsel, Frank S. Hedin and David W. Hall of Hedin Hall LLP, will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Frank S. Hedin and David W. Hall of Hedin Hall LLP as Class Counsel to represent the Settlement Class.

**B.    The Fairness Hearing**

1. Pursuant to Federal Rule of Civil Procedure Rule 23(e), the Court will hold a Fairness Hearing on [DATE] at [TIME] to consider the fairness, reasonableness and adequacy of the Settlement and whether it should be finally approved by the Court, and to determine the

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are the following Persons: (a) Eaze Solutions, Inc., and its employees, officers, directors, agents, and representatives and their immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and their immediate family members.

reasonableness of Class Counsel's requested Attorneys' Fee Award and the Class Representatives' requested Service Awards.

2. No later than [DATE], which is seven (7) days before the Fairness Hearing, the Parties must file any papers in support of final approval of the Settlement and respond to any written objections.

**C.        Objecting to the Settlement.**

1. Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representative, must do so on or before the Opt-Out and Objection Date set forth below, in the manner and pursuant to the requirements set forth in the Settlement Agreement and the Class Notice.

2. Any responses by the Parties to timely-filed objections shall be included in the motion for final approval briefing.

**D.        Requesting Exclusion from the Settlement Class**

1. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Date in compliance with the provisions of the Settlement Agreement, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice. Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation.

2. Any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of the Settlement or the requested Attorneys' Fee Award or Service Awards must timely file with or mail to the Court, by no later than the Opt-Out and Objection Date, a statement of the objection signed by the Settlement Class member containing all of the information required in Section VII.B of the Settlement Agreement and as set forth in the Class Notice.

**E.** **Settlement Class Notice Program**

1. Pursuant to the Settlement Agreement, KCC LLC is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

2. The Court approves the Class Notices and Claim Form accompanying the Settlement Agreement and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

3. The Court finds that the Settlement Class Notice Program set forth in the declaration of Clara Peak of KCC: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

4. The Settlement Administrator shall establish a post office box in its name to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, Defense Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

5. The Settlement Administrator is ordered to cause the Class Notice to be disseminated to Settlement Class members on or before [DATE], which is thirty (30) days from the date of this Order and shall constitute the "Notice Date" pursuant to the Settlement Agreement and for purposes of this Order.

6. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) Days after the Opt-Out and Objection Date and shall then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days before the Fairness Hearing.

7. The Settlement Administrator shall also file proof of compliance with the Settlement Class Notice Program no later than seven (7) Days before the Fairness Hearing.

**F.     Miscellaneous Provisions**

8. Members of the Settlement Class are preliminarily enjoined, unless and until they have timely and properly excluded themselves from the Settlement Class, from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. This is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

9. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, insubstantial changes to the form or content of the Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class members.

10. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| 10 days after the filing of Plaintiffs' motion for preliminary approval] | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| 30 days after the date of the Order granting preliminary approval | Notice Date |
| 35 days before the Opt-Out and Objection Date | Deadline to file Motion for Attorneys' Fees and Service Awards |
| 60 days after the Notice Date | Opt-Out and Objection Date |
| 7 days after the Opt-Out and Objection Date | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel |
| 90 days after the Notice Date, adjusted for the weekend | Claims Deadline |
| 7 days before the Fairness Hearing | Deadline for Parties and Settlement Administrator to file the following:<br>(1) Opt-Out List;<br>(2) Proof of CAFA Notice and Class Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| 14 days after Claims Deadline | Fairness Hearing |

**IT IS SO ORDERED.**

Dated: _____     _____
                                   Hon. James Donato
                                   United States District Judge