1  Frank S. Hedin (SBN 291289)
   fhedin@hedinhall.com
2  David W. Hall (SBN 274921)
   dhall@hedinhall.com
3  HEDIN HALL LLP
   Four Embarcadero Center, Suite 1400
4  San Francisco, California 94104
   Telephone: (415) 766-3534
5  Facsimile: (415) 402-0058

6  *Counsel for Plaintiffs and the Putative Class*

7  Albert Giang (SBN 224332)
   agiang@bsfllp.com
8  Michael D. Roth (SBN 217464)
   mroth@bsfllp.com
9  BOIES SCHILLER FLEXNER LLP
   725 South Figueroa Street, 31st Floor
10 Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
11 Facsimile: (213) 629-9022

12 *Attorneys for Defendant Eaze Solutions, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE LLOYD; and JULIUS MENA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EAZE SOLUTIONS, INC.,<br><br>Defendant. | Case No. 3:18-cv-05176-JD<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's June 4, 2019 Order (ECF No. 34), Federal Rules of Civil Procedure 16 and 26(f), and Northern District of California Civil Local Rule 16-9, Plaintiffs Kristine Lloyd and Julius Mena and Defendant Eaze Solutions, Inc. jointly submit this case management statement and discovery plan.

4843-5470-0185v5

**JOINT CASE MANAGEMENT REPORT**

## I. Jurisdiction and Service

The parties agree that the First Amended Complaint ("FAC") is the operative complaint and added Mr. Mena as a new plaintiff (Dkt. 24). Eaze Solutions, Inc. ("Eaze") respectfully requests until July 15 to respond to the operative FAC, and Plaintiffs have no opposition to that request. The parties disagree about the status of the prior motion to dismiss (Dkt. 11) based on the original Complaint (Dkt. 1).

**Defendant's Statement**

Eaze takes the position that the filing of the FAC moots the prior Motion to Dismiss that was based on the original Complaint (which named only Ms. Lloyd and not Mr. Mena). *See* Order Filed January 16, 2019 (Dkt. 22) ("terminat[ing] defendant's [11] motion to dismiss" based on joint notice of settlement, and vacating hearing on the motion to dismiss, which was never heard); First Amended Complaint Filed March 30, 2019 (Dkt. 24); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent…. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.") (internal citations and quotation marks omitted).

In terms of jurisdiction and service, Eaze has not challenged personal jurisdiction or service of process in this *Lloyd* action. Plaintiff Julius Mena consented to an arbitration agreement with a class action waiver as part of his Terms of Service, and may be unable to participate in or serve as a representative for a putative class action. Eaze is evaluating whether his claims need to be delegated to an arbitrator.

**Plaintiffs' Statement**

Jurisdiction is proper pursuant to 28 U.S.C. § 1331. All parties have been served.

Plaintiffs take the position that the filing of the FAC did not moot Eaze's Motion to Dismiss Ms. Lloyd's claims; the Motion to Dismiss focuses on the legal sufficiency of Ms. Lloyd's ATDS-

related allegations, which are the same in the FAC as those that appeared in the original Complaint.[1] Any motion to compel arbitration filed by Eaze in this case would be so objectively baseless as to violate Rule 11.

**II.    Facts**

**Plaintiffs' Statement**

Plaintiffs Kristine Lloyd and Julius Mena, individually and on behalf of others similarly situated, allege in the operative First Amended Complaint (ECF No. 24) that Defendant transmitted autodialed text message advertisements to Plaintiffs' cellular devices and the cellular devices of numerous other similarly-situated "non-users" of Eaze – i.e., individuals who at the time the messages were transmitted had neither registered nor initiated the registration process for Eaze's services – without the requisite "prior express written consent," in violation of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. 227.

**Defendant's Statement**

Eaze is the premier technology platform connecting independent, authorized cannabis dispensaries with verified users, providing consumers with safe and secure access to legal cannabis in California. This is the second attempt by Plaintiff's counsel to sue Eaze for classwide violations of the TCPA. The first attempt is the related case of *Williams v. Eaze* (Case No. 18-CV-02598-JD)—involving a platform user who indisputably consented to an arbitration agreement in the Terms of Service—where a motion to compel arbitration has been fully briefed, argued, and submitted, and is currently pending.

Eaze denies the allegations in the Complaint and contends that Plaintiff's claims of improper text messaging are without merit.

---

[1]    Additionally, the Court indicated at the preliminary approval hearing that it had already prepared an order on Eaze's Motion to Dismiss Ms. Lloyd's claims; thus, Plaintiffs believe that the issuance of a decision on the pending Motion to Dismiss, notwithstanding the filing of the FAC, would serve the interests of judicial economy.

### III. Legal Issues

**Plaintiffs' Statement**

The parties dispute whether Defendant's text messages to Plaintiffs and putative class members violated the TCPA, the existence and extent of damages, and whether the requirements of class certification under Rule 23 are met in this case.

**Defendant's Statement**

Below is a preliminary and non-exclusive list of legal issues in dispute:

- Whether the arbitration agreement between Plaintiff Mena and Defendant applies to this action;
- Whether text messages sent to Plaintiffs violate the TCPA;
- Whether any such text messages were sent by an agent of Defendant acting within the authorized scope of any agency;
- Whether any such text messages were sent by an "automatic telephone dialing system" within the meaning of the TCPA;
- Whether any alleged violation of the TCPA was knowing or willful;
- Whether the TCPA is constitutional under the First Amendment;
- The existence and extent of damages alleged by Plaintiffs, if any;
- Whether Plaintiffs are barred from bringing claims on a class-wide basis; and
- Whether the putative class can be certified as a class action under Rule 23.

### IV. Motions

**Plaintiffs' Statement**

Defendant's motion to dismiss Plaintiff Lloyd's claim for violation of the TCPA is briefed and under submission (ECF No. 11). After the completion of a brief period of party and third-party discovery, Plaintiffs anticipate filing a motion for class certification followed by a motion for summary judgment (after court-approved notice to the class has been provided to the extent a class is certified). Any motion to compel arbitration filed by Eaze in this case would be so objectively baseless as to violate Rule 11.

**Defendant's Statement**

In light of the operative First Amended Complaint, Eaze's position is that the prior motion to dismiss the original Complaint (ECF No. 11) was mooted by the filing of Plaintiffs' First Amended Complaint (ECF No. 24). The First Amended Complaint added an additional plaintiff and amended the definition of the class Plaintiffs seek to have certified. Defendant is evaluating whether to file a motion to compel arbitration, a motion to dismiss, a motion to strike, a motion to stay or some combination of the foregoing and therefore asks until July 15 to respond to the pleading, pursuant to the Court's request for a case schedule.

### V. Amendment of Pleadings

**Plaintiffs' Statement**

At this time, Plaintiffs do not anticipate making any further amendments to the pleadings but reserve the right to seek leave to do so, as necessary as the litigation progresses.

**Defendant's Statement**

Defendant's prior motion to dismiss (ECF No. 11) was mooted by the filing of the First Amended Complaint (ECF No. 24), which is now the operative complaint to which Defendant has a right to respond. At this time, Defendant anticipates impleading up to three potentially responsible parties into the case.

### VI. Evidence Preservation

The parties have met and conferred and understand their obligations regarding the preservation of evidence that is reasonably within their possession, custody, or control.

### VII. Disclosures

**Plaintiffs' Statement**

Plaintiffs propose that the parties exchange initial disclosures by July 8, 2019.

**Defendant's Statement**

Eaze believes that initial disclosures should be stayed until after a final determination of Eaze's pleading-stage motion practice, and the case is at issue.

**VIII. Discovery**

**Plaintiffs' Statement**

Plaintiffs believe discovery should commence immediately. At this time, Plaintiffs believe the default discovery limitations under the Federal Rules suffice but reserve the right to request additional discovery as needed. On November 27, 2018, the parties submitted a joint stipulation governing the exchange of confidential information (ECF No. 15), which the Court approved in an Order dated December 5, 2018 (ECF No. 18). Plaintiff opposes Eaze's request for a stay. At the very least, Eaze should answer Plaintiff Lloyd's claims and discovery should commence as to those claims forthwith.

**Defendant's Statement**

Eaze believes that discovery should be stayed until after a final determination of Eaze's pleading-stage motion practice, and the case is at issue.

**IX. Class Actions**

**Plaintiffs' Statement**

Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and a class of similarly situated individuals, defined as follows:

> All persons within the United States who, between August 23, 2014 and the present, were sent one or more text message(s) (other than one containing a uniquely-identifying verification code and/or a uniquely- identifying verification URL to complete an online registration form) by Eaze Solutions, Inc. or an affiliate, subsidiary, or agent of Eaze Solutions, Inc., at a time when such person had not registered for or initiated the registration process for Eaze Solutions, Inc.'s services (i.e., a "non-user" of Eaze Solutions, Inc.).

(ECF No. 24 at 7.) Plaintiffs take the position that the proposed class definition in the FAC has no relevance whatsoever to the pending Motion to Dismiss, which focuses entirely on Ms. Lloyd's ATDS-related allegations, which are the same in both the Complaint and FAC.

**Defendant's Statement**

Eaze notes that this definition of the class was not present in the prior complaint, further demonstrating that the First Amended Complaint mooted Defendant's motion to dismiss. Eaze also anticipates challenging the certification of Plaintiffs' proposed class.

## X. Related Cases

On May 2, 2018, Farrah Williams, an individual who received allegedly unsolicited, autodialed text messages from Defendant during a period of time in which she was a user of Defendant's services, initiated the proposed class action *Williams v. Eaze Solutions, Inc.,* No. 3:18-cv-2598-JD (N.D. Cal.). Plaintiff Williams alleges individual and class-wide claims for violation of the TCPA against Defendant. (*Williams*, ECF No. 1.) On June 22, 2018, Defendant filed a motion to compel Plaintiff Williams to arbitrate her claims on an individual basis. (*Williams*, ECF No. 17.) On July 20, 2018, Plaintiff Williams filed a response in opposition to the motion to compel arbitration. (*Williams*, ECF No. 21.) The motion to compel arbitration of Plaintiff Williams' claims is fully briefed.

**Defendant's Supplemental Statement**

The court heard oral argument in *Williams* on October 11, 2018 and took the matter under submission. Eaze requests that the proceedings in this case be stayed until *Williams* is decided, which could delegate certain claims to the arbitrator and narrow the scope of issues for this Court to address in this related case.

**Plaintiffs' Response to Defendant's Supplemental Statement**

Plaintiffs oppose Eaze's request to stay the case pending resolution of the motion to compel arbitration in *Williams*, which is irrelevant to this case. Plaintiff Lloyd has never registered for Eaze's services. Plaintiff Mena registered for Eaze's services long after he received the subject text message. By definition, no member of the putative class had registered or even initiated the process of registering in Eaze's services at the time Eaze sent them the subject text messages. Eaze's motion to compel arbitration in the *Williams* matter could not possibly have any impact on this action, and there is accordingly no basis to stay this action pending resolution of that motion.

## XI. Relief

**Plaintiffs' Statement**

Plaintiffs seek entry of a judgment and order pursuant to Federal Rule of Civil Procedure 23:

| | |
|---|---|
| 1 | A. Certifying this case as a class action on behalf of the class defined above, appointing Plaintiffs as representatives of the class, and appointing Hedin Hall LLP as class counsel; |
| 3 | B. Declaring that Defendant's alleged actions violate the TCPA; |
| 4 | C. Awarding statutory damages under the TCPA to Plaintiffs and the class; |
| 5 | D. Awarding injunctive and other relief; |
| 6 | E. Awarding Plaintiffs and the class reasonable litigation expenses and attorneys' fees; |
| 7 | G. Awarding such other and further relief as equity and justice may require. |

**Defendant's Statement**

Defendant maintains that under the TCPA, attorneys' fees and pre-judgment interest are not available. Defendant anticipates a possible motion to strike such requests for relief from the First Amended Complaint.

### XII. Settlement and ADR

On March 30, 2019, Plaintiffs moved for preliminary approval of a proposed class-wide resolution of this action. (ECF No. 25.) The Court denied Plaintiffs' motion for preliminary approval on May 9, 2019. (ECF Nos. 30-31.) In the weeks following the Court's denial of the motion for preliminary approval, the parties have continued to discuss potential revised resolutions to the case (*see* ECF Nos. 32-33 (joint status reports)), including with the assistance of their retained mediator, but to date the parties have not been able to reach a proposed revised settlement (*see* ECF No 33). The parties have agreed to continue to discuss potential revised resolutions of the case as the litigation progresses. (*See id.*)

### XIII. Consent to a Magistrate Judge

The parties do not consent to a magistrate judge conducting all further proceedings.

### XIV. Other References

At this time, the parties do not believe the case is suitable for reference to another procedure.

### XV. Narrowing of Issues

At this time, the parties have not identified any issues that can be narrowed by agreement or motion.

**XVI. Expedited Trial Procedure**

At this time, the parties do not believe that the case is suitable for expedited trial.

**XVII. Scheduling**

**Plaintiffs' Statement**

Plaintiffs propose the following schedule and deadlines:

- Fact discovery deadline of November 7, 2019;
- Expert disclosure deadline of December 4, 2019;
- Expert discovery deadline of December 18, 2019;
- Dispositive motion deadline of January 30, 2019;
- Pretrial conference February 20, 2020; and
- Trial to commence March 3, 2020.

**Defendant's Statement**

Eaze believes it is premature to schedule trial and pretrial dates before a final determination of Eaze's pleading-stage motion practice. However, assuming that any such motions are filed by July 15, 2019, then the following schedule would be feasible:

- Deadline to add additional parties of September 9, 2019;
- Deadline to file for Class Certification of October 9, 2019;
- Fact discovery deadline of February 10, 2020;
- Expert disclosure deadline of February 28, 2020;
- Expert discovery deadline of March 27, 2020;
- Dispositive motion deadline of April 24, 2020;
- Pretrial conference May 14, 2020; and
- Trial to commence May 25, 2020.

**XVIII. Trial**

**Plaintiffs' Statement**

Plaintiffs demand a jury trial. At this time, the parties anticipate approximately 5 days of trial.

**Defendant's Statement**

To the extent that Plaintiff Mena's arbitration agreement waived his right to a jury trial and delegated his claims (including threshold questions of arbitrability) to be decided by an arbitrator, those claims would not be subject to a jury trial in court.

### XIX. Disclosure of Non-party Interested Entities or Persons

The parties have filed Certifications of Interested Entities or Persons. The parties are currently unaware of any interested entities or persons.

### XX. Professional Conduct

All attorneys of record are familiar with the District's guidelines for professional conduct.

Dated: July 1, 2019                     Respectfully submitted,

By: s/ Frank S. Hedin

**HEDIN HALL LLP**

FRANK S. HEDIN, State Bar No. 291289
fhedin@hedinhall.com
DAVID W. HALL, State Bar No. 274921
dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Attorneys for Plaintiffs and the Putative Class*

By: s/ Michael D. Roth

**BOIES SCHILLER FLEXNER LLP**

ALBERT GIANG, State Bar No. 224332
agiang@bsfllp.com
MICHAEL D. ROTH, State Bar No. 217464
mroth@bsfllp.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Attorneys for Defendant Eaze Solutions, Inc.*