MICHAEL D. ROTH (State Bar No. 217464)
  mroth@kslaw.com
ALBERT GIANG (State Bar No. 224332)
  agiang@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 218-4014
Facsimile:    (213) 443-4310

*Attorneys for Defendant*
*EAZE SOLUTIONS, INC.*

Frank S. Hedin (SBN 291289)
fhedin@hedinhall.com
David W. Hall (SBN 274921)
dhall@hedinhall.com
HEDIN HALL LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Tel: (415) 766-3534; Fax: (415) 402-0058

*Attorneys for Plaintiffs*
*KRISTINE LLOYD and JULIUS MENA*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KRISTINE LLOYD; ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>EAZE SOLUTIONS, INC.,<br><br>Defendant. | Case No. 3:18-cv-05176-JD<br><br>[Related to Case No. 3:18-CV-02598-JD]<br><br>**JOINT STIPULATION TO STAY PROCEEDINGS PENDING THE U.S. SUPREME COURT'S DECISION IN *FACEBOOK, INC. V. DUGUID*, NO. 19-511; [PROPOSED] ORDER**<br><br>Judge:  Hon. James Donato<br><br>Amended Complaint Filed: March 30, 2019<br>Trial Date: April 19, 2021 |

1    This stipulation is made between Plaintiffs Kristine Lloyd ("Lloyd") and Julius Mena
2    ("Mena") (collectively, "Plaintiffs") and Defendant Eaze Solutions, Inc. ("Eaze"), by and
3    through their counsel of record to stay proceedings pending the Supreme Court's decision in
4    *Facebook, Inc. v. Duguid*, No. 19-511:
5         WHEREAS, on March 30, 2019, Plaintiffs filed a First Amended Complaint (Dkt. No.
6    24) alleging that Eaze violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.
7    § 227, using an "automatic telephone dialing system" ("ATDS");
8         WHEREAS, on January 6, 2020, Eaze filed a Motion to Dismiss pursuant to FRCP
9    12(b)(6), a Motion to Compel Arbitration, and a Motion to Stay during the pendency of the
10   Motion to Compel Arbitration (collectively, the "Pending Motions");
11        WHEREAS, the Pending Motions are now fully briefed and were taken under submission
12   by the Court on April 28, 2020;
13        WHEREAS, on July 9, 2020, the Supreme Court granted certiorari to address a circuit
14   split regarding the definition of an ATDS under the TCPA. *Facebook, Inc. v. Duguid*, No. 19-
15   511, 2020 WL 3865252, at *1 (U.S. July 9, 2020);
16        WHEREAS, the exact question the Supreme Court granted certiorari to address is:
17   "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and
18   'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential
19   number generator.'" Petition for Writ of Certiorari at ii, *Facebook, Inc. v. Duguid*, No. 19-511,
20   2019 WL 5390116 (U.S.);
21        WHEREAS, this Court has broad discretion to stay the proceedings before it and control
22   its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936);
23        WHEREAS, "[t]he exercise of discretion is appropriate when the resolution of another
24   matter will have a direct impact on the issues before the court, substantially simplifying issues
25   presented." *In re Sequenom, Inc. Stockholder Litig.*, No. 16-CV-02054-JAH-BLM, 2019 WL
26   1200091, at *1 (S.D. Cal. Mar. 13, 2019) (citations omitted);
27
28

WHEREAS, the Supreme Court's decision regarding the definition of an ATDS may significantly impact the outcome of this case, because the definition of an ATDS is critical to the merits of this case and is one of the issues raised in the Pending Motions;

WHEREAS, awaiting the Supreme Court's decision may advance "the orderly course of justice measured in terms of the simplifying . . . of issues, proof, and questions of law" directly relevant to the ligation and its outcome. *In re Sequenom*, 2019 WL 1200091, at *1 (citation and internal quotation marks omitted);

WHEREAS, the Parties have agreed, in the interests of cooperation and preservation of resources, and subject to Court approval, to stipulate to a stay of proceedings;

WHEREAS, the Parties agree to stay this case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, and if the stay is granted, to vacate all deadlines set forth in the Court's Scheduling Order (Dkt. No. 55);

WHEREAS, a stay of this case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, is consistent with the relief sought and granted by other courts that have addressed stay requests on the basis of *Facebook, Inc. v. Duguid*;[1]

NOW THEREFORE, subject to the approval of the Court pursuant to Civil Local Rules 6-2 and 7-12, it is hereby stipulated and agreed by the Parties that:

(i) all proceedings in this case be stayed in their entirety pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511;

(ii) all deadlines set forth in the Court's Scheduling Order (Dkt. No. 55) be vacated; and

(iii) within twenty-one (21) days of the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, the Parties shall file a Joint Status Report informing this Court of the

---

[1] *Blower v. Portfolio Recovery Associates, LLC*, Case No. 19-cv-02270-BAS-LL, 2020 U.S. Dist. LEXIS 130505 (S.D. Cal. July 23, 2020) (granting stay of TCPA case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*); *Barradas v. Smith-Palluck Associates Corp.*, Case No. 19-2036 (D. Nev. July 23, 2020) (same); *Whattoff-Hall v. Portfolio Recovery Assocs., LLC*, Case No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375 (S.D. Cal. July 23, 2020) (same); *Hoagland v. Axos Bank*, Case No. 19-cv-00750-BAS-DEB, 2020 U.S. Dist. LEXIS 132831 (S.D. Cal., July 27, 2020) (same); *In re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. Act. Litig.*, Case No. 11-md-02295-JAH-BGS, 2020 U.S. Dist. LEXIS 132312 (S.D. Cal. July 27, 2020) (same).

Supreme Court's ruling, the Parties' positions regarding any impact that the ruling may have on this case, and, if necessary, proposing new deadlines for an amended Scheduling Order.

**IT IS SO STIPULATED.**

DATED: August 11, 2020                KING & SPALDING LLP


By   */s/ Michael D. Roth*
Michael D. Roth (SBN 217464)
 mroth@kslaw.com
Albert Giang (SBN 224332)
 agiang@kslaw.com
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

*Attorneys for Defendant
EAZE SOLUTIONS, INC.*


DATED: August 11, 2020                HEDIN HALL LLP


By   */s/ David W. Hall*
Frank S. Hedin (SBN 291289)
 fhedin@hedinhall.com
David W. Hall (SBN 274921)
 dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, California 94104

*Attorneys for Plaintiffs KRISTINE
 LLOYD and JULIUS MENA*


**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), the filer attests that concurrence in the filing of this document has been obtained from the signatories above.


By: */s/ Michael D. Roth*
Michael D. Roth

**PURSUANT TO STIPULATION, AND GOOD CAUSE SHOWING, IT IS SO ORDERED.**

Dated: _____, 2020          By:_____
                                        THE HONORABLE JAMES DONATO
                                        UNITED STATES DISTRICT JUDGE

Prepared By:

By: */s/ Michael D. Roth*

Michael D. Roth
KING & SPALDING LLP
*Attorneys for Defendant*
*EAZE SOLUTIONS, INC.*

# DECLARATION OF MICHAEL D. ROTH

I, MICHAEL D. ROTH, declare and state as follows:

1. I am an attorney admitted to practice in the State of California and a member of the bar of this Court. I am a partner at King & Spalding LLP, counsel for Defendant Eaze Solutions, Inc. ("Eaze"). I submit this declaration in support of the Joint Stipulation to Stay Proceedings. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

2. This Telephone Consumer Protection Act ("TCPA") putative class action was originally filed on August 23, 2018.

3. On September 14, 2018, the Parties stipulated for an extension of time for Eaze to respond to the original Complaint, which was granted.

4. On October 22, 2018, the Court granted the Parties' stipulation to modify the briefing schedule and hearing date on Eaze's motion to dismiss the Complaint.

5. On January 16, 2019, the Parties filed a Notice of Settlement regarding the original settlement of this action, and the Court terminated the pending motion to dismiss and vacated the hearing date regarding the motion.

6. Plaintiffs Kristine Lloyd ("Lloyd") and Julius Mena ("Mena") (collectively, "Plaintiffs") filed a First Amended Complaint in this putative class action on March 30, 2019, and on the same day also filed a Motion for Preliminary Approval of Class Action Settlement.

7. On May 9, 2019, the Court held a hearing and denied Plaintiffs' Motion to Preliminary Approval of Class Action Settlement.

8. Following the denial of the preliminary approval motion, the Parties worked diligently to reach a revised settlement agreement that addressed the Court's concerns.

9. On July 15, 2019, the Parties filed a Notice of Revised Settlement and requested a 60-day stay to document the revised settlement agreement.

10. On July 18, 2019, the Court stayed this case for 60 days for the Parties to document their proposed settlement.

11. On September 12, 2019, the Parties requested a 30-day extension of the stay to complete the settlement agreement documents and to file a preliminary approval motion.

12. On September 17, 2019, the Court stayed this case for an additional 30 days.

13. On October 16, 2019, the Parties requested a 7-day extension of the stay to finalize the proposed notice documents to be attached to the settlement agreement and sent to class members and to file a preliminary approval motion, which was granted.

14. On October 25, 2019, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement.

15. On December 5, 2019, the Court held a hearing and denied Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

16. On January 6, 2020, Eaze filed a Motion to Dismiss pursuant to FRCP 12(b)(6), a Motion to Compel Arbitration, and a Motion to Stay during the pendency of the Motion to Compel Arbitration (collectively, the "Pending Motions").

17. On January 17, 2020, the Parties filed a stipulation to extend briefing deadlines and continue the hearing date on the Pending Motions, and on the same day the Court entered a Case Management Scheduling Order.

18. On January 24, 2020, the Court granted the Parties' January 17, 2020, stipulation to extend the briefing schedule and continue the hearing date on the Pending Motions.

19. The Pending Motions were fully briefed as of February 21, 2020.

20. On April 28, 2020, the Court took the Pending Motions under submission.

21. On July 9, 2020, the United States Supreme Court granted certiorari to address the circuit split regarding the definition of an ATDS under the TCPA, *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020).

22. The Parties agree that the definition of an ATDS is critical to the merits of this case and is one of the issues raised in the Pending Motions, and that the Supreme Court's decision in *Facebook, Inc. v. Duguid* will thus significantly impact the outcome of this case.

23. The Parties agree that this case should be stayed pending resolution of *Facebook, Inc. v. Duguid*, in the interests of cooperation and preservation of resources.

24. The Parties have not requested any time modifications in this case, other than those set forth above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed August 11, 2020, at Los Angeles, California.

      /s/ *Michael D. Roth*
      Michael D. Roth